May it please the Court, Stephen Sheik and for Petitioner. Your Honors, this case has been milling about through the system for literally decades. The first act that played a role, the deportation of 78, occurred when I was becoming a lawyer, and the visa at issue here in 83 was issued around the time I was getting admitted to this Court. So there's a long history. It's had several trips to and from the Board. Many issues have been raised. Petitioner believes that the two issues that would resolve the case, most likely, are as follows. First, has the, or should the, grant of 212C relief in 1992 been vacated or reversed procedurally? And second, would there be any basis to this? Sotomayor Well, is there any doubt that the Board vacated the original IJ decision when it granted 212C relief? Breyer It looks like that was their intent. Sotomayor It's in their order, right? Vacated. Breyer It looks like it was their intent, but it says that they were vacating their denials of the motions to reopen, and they, of course, gave their opinion about many, many factors. But they never actually said we're vacating that are we've they've never ruled upon the appeal, I would say. Kagan That's right. They didn't rule upon the appeal at first. They remanded it, and then it came back and they ruled upon it. I really think you should move on. Breyer Okay. In this case, Your Honor, there was a decision back in 1992 by the immigration judge in which the immigration judge found that there were two impediments to a grant of 212C. Those two impediments would have precluded the accrual of the necessary physical presence in domicile. The judge granted a waiver as to the fraud, and the government at that time argued that this was improvident, and they gave many reasons, but they did not give the reason that they asserted on appeal, which was that the immigration judge lacked the authority to grant two waivers. The fraud waiver could only be granted if there was no other reason, no other impediment, and in this case there was the deportation. Now, we have argued that those cases are not decided. Roberts So it's reentry. His quick, his, his, he didn't accumulate the 5 years or whatever it was. Breyer Well, I think that what the government has been arguing, what the board implied was that he could not qualify for the relief he was seeking because his failure to disclose certain information and the prior deportation meant that his, the issuance of the visa back in 1983 was improper, and therefore he didn't, since the visa was not properly issued, he did not accrue the requisite time to even file the waiver. Because if, I mean, I realize it's a long procedural history. In 1990 or 91, he suffered a criminal conviction that caused him to require the waiver. Kagan The issue that was argued before the board but not decided was that he was not eligible for the fraud waiver because he was not otherwise admissible because he had been deported after an illegal entry. Roberts Correct. I believe that the board did say they never, they never decided that issue in the first instance. Kagan Okay. And now they've decided it, and so. I mean, I have a question about that. Does the fraud, I mean, it occurs to me, but I think this may be the law, that if you waive the fraud but not the underlying problem that the fraud was about, then the waiver of the fraud is sort of useless. In other words, here what happened was the fraud was about whether he had been deported, right? You're waiving the fact that he lied, but you're not waiving the fact that he was deported. That's their argument, as I understand it. I think their argument, yes, that they phrase it a little differently, but they're saying that the fraud waiver can be issued to a fraud, but it cannot be issued if there's any other ground. Now, Deepwater. Kagan I know. So is there, I mean, doesn't that cut out 90 percent or 95 percent or maybe 98 percent of the instances in which there's a fraud? In other words, usually people are lying about something that matters, i.e., the reason why they weren't admissible. So if you don't waive the admissibility, the waiver of the fraud is useless. Well, in this case, there was, of course, a separate allegation of fraud that he didn't disclose criminal convictions, which in themselves would not have been an impediment, but, of course, there is a requirement to disclose all arrests and all convictions, which was not done. Did he concede there was fraud? He conceded there was fraud by saying, but we've been defending the need for a waiver. So obviously, he would not need the waiver if there wasn't fraud. We have raised an issue as to whether or not there was a sufficient finding that the consular officer was aware that or the consular officer was or was not aware of these, the deportation and the criminal convictions. But for purpose of this argument, I think it's not. Well, he submitted an affidavit at one point way back, like in 92, saying that he didn't knowingly, essentially that he didn't knowingly misrepresent his history. Correct. The immigration judge at the hearing did find that there was a need for a waiver, but he granted it. Well, he didn't, actually, at least in nothing I've seen. I mean, he essentially said, you know, one way of looking at what he said, I'd give him a waiver anyway, so it doesn't matter if there was a fraud. He never actually found there was a fraud. He said he would grant the waiver. Right, he said he'd grant the waiver, but he never said there was a fraud. Yeah, I think that's a fair way of looking at it. I think it's implicit that if he, by saying I would, there's been a lot of instances here where various reviewers and finders of facts have not made the most explicit, succinct findings. All right. Well, suppose for some reason we were to find that the fraud decision was wrong. Doesn't he lose anyway? Because he still has the 212C. He still has the aggravated felony, right? And he still has the problem of not having been, of having this inadmissibility problem. So how can he get the 212C relief when he still has the inadmissibility problem? Yeah, the 212C waiver would waive the aggravated felony. Right, but it wouldn't waive the inadmissibility problem. It wouldn't. Well, that's, I think that is what I was about to say. That was the second, the second, I think, issue that needs to be resolved. It's a legal issue, that the government and the Board have been saying that under case law, under Board case law, because they don't rely so much on regulation as they do on their decisions, that you cannot get the fraud waiver if you need some. I'm not talking about the fraud waiver now. I'm assuming the fraud waiver is out of the picture. Let's assume the fraud waiver is out of the picture. Still, how does he get relief? Well, if he didn't have an impediment, if there was no impediment to having accrued the requisite time, that does not mean that he can't get relief. But he still has, he's still not otherwise admissible. Well, because of the deportation. Well, if the only thing that he, in other words, if he needed, if he came before the judge, let me see if I understand your question before I answer it, that if he was having a 212C hearing and he had suffered a prior deportation before he ever got the visa and he came in front of the judge, could the judge waive the prior deportation as well as the prior, as well as the prior criminal fraud? And I don't know of any bar that would prevent the judge from doing so. If that was, I mean, I think what the government has argued was they could, he couldn't waive both the deportation and the fraud. But I thought in general that's a pursuant to board precedent. Excuse me? Is that pursuant to board precedent? Pursuant, they are citing board precedent cases that state that you cannot grant both waivers. You cannot get the fraud waiver if you also need another waiver, in this case the deportation. All right. But I'm trying for the moment to get you off the fraud waiver. Okay. And to ask you if, it's still the case, as I understand it, there is a sort of judge made or board made, but not in the statute, non-pro-tongue waiver of inadmissibility sometimes available, right? Correct. But it's kind of made up, and as I understand it, it's not available if there's any other ground for deportation. Here there is the aggravated felony, so why doesn't it all fall apart at that point? I think that there would be – it is confusing. I think with the two waivers, what the agency, the judge and the board have been referring to is waivers that could have been granted at the time of the interview in the administrative context had the Petitioner filed them at that time. They weren't filed. He's then in actually deportation proceedings, in preceded removal. He's in deportation proceedings, and he then uses the statutory waiver of 212c. Within that, and with the 212c waiver requires that he accrue the time. If he didn't have – if he did not have the fraud issue, I understand what Your Honor is saying, then he would have the deportation. There doesn't seem to be any dispute, at least from what I've seen, that the Court would have the authority to non-protonque waive the deportation alone, find that therefore he did accumulate the requisite period of time, and consider the 212c waiver on its merits. You know, you'll have to forgive me, but your argument sounds like the opening line of the Ogden Nash poem. If we had some ham, we could have some ham and eggs, if we had some eggs. I understand that, but I'm just responding to a question as to what would the scenario have been like if he didn't have the fraud and only had the prior deportation. Apparently, at some time in his background, he obtained LPR status by fraud, right? And he reentered after being deported, failed to disclose criminal convictions. But we should still let him in? Well, no, that's not what we're – the issue isn't whether you should still let him in in spite of that. The issue here is whether or not he's eligible for 212c relief. What are you asking us to do? What is the relief you're seeking? Well, I think at a minimum, it probably should have been set – the board should have handled it differently, and I think there's still time to correct it. Rather than going through a whole series of gyrations about what they were going to vacate and not vacate, I think they should have said, we're reopening the 1992 appeal that we improvidently dismissed in 1997 upon misunderstanding of what the real law was, and now we'll issue a decision on that appeal, and then that would have been taken to this Court in a petition for review. It would have been a lawful decision. What are you asking us to do? Right now, I believe that the 1992 decision of the immigration judge to stand. Either that or send it back to the board to actually decide the original appeal that was filed by the government. But they essentially have done that now. Well, they did it in a different context within responding to a remand on a motion to reopen. For example – But what's the difference? I mean, they still decide the exact issues that they would have decided on that appeal, no? There might be some other issues. For example, at the – at the removal – at the, excuse me, deportation hearing, the government made arguments that were different than the ones that they raised on appeal. So there might be some real issues about whether or not they waive some of those arguments. I think that would be better decided in a direct administrative appeal, just from the decision of the IJ. In other words, turn back the clock, the notice of appeal was filed by the government, let that appeal be decided without all of these other ancillary motions that I think were necessary and important. But really, those motions to reopen didn't – I thought you were asking for a hearing where you could – you could contest the fraud issue. Well, if the issue was – we – our position has always been that the only thing that was relevant was whether anything happened after 1992 that would cause him to be disqualified. I believe that the need for an evidentiary hearing on the fraud issue would only be appropriate if there was – if the matter was remanded to the immigration court for a complete hearing. It appears to be legal issues that are – that it turns on right now, Your Honor. All right. You want to save two minutes for your question? Yes, I would. Thank you. Thank you very much. Good morning, Your Honors. Ann Wellhoff, Respondent, Attorney General Holder. May it please the Court. As the Court can see, there's a lengthy procedural, confusing history here. But really, this case boils down to a very simple issue, believe it or not. And I think the immigration judge, when he had the case back from this Court on remand, said it best when he said, all right, I'm on administrative record, page 111. So I foresee my decision in this case is going to find he had – his lawful permanent resident status was not lawful under 212C, and it can't be granted, and the fraud waiver wasn't appropriate because he was removable on two other grounds. I think Judge Berzon hit it right on the head. What are we left with here? We have an aggravated felon who is conceded removability based on that felony, asking for a 212C waiver. Under no scenario can he get that, whether the – whether he can get that. But the board and the IJA did not rely at all on the – or not rely – didn't say that the reason he couldn't get the 212C relief is because he wasn't lawfully admitted in the first place, in the sense of having been deported and then come back. They said the reason he couldn't get the 212C relief is because he had – he couldn't be – because of the fraud, right? In other words, because he couldn't have been admitted because of the fraud, even though there was no fraud charge as such. The reason he's not eligible and all along the reason he's not been eligible for 212C is because his entry, based on fraudulent misrepresentations, prevented him from accruing lawful presence here. All right. And that's a little bit different than what you're saying. And it's important. But there was actually a finding of fraud. Well, let's – Your Honor, let's assume there's a – all right. There's a – clearly a presumption there was fraud because he needed a waiver. It could be a presumption, but there was no finding, and he did submit an affidavit that said, I thought he would know how to do the forms the right way. I answered all – this is the preparer. I answered all his questions truthfully, the preparer of the visa application, as I understand it. I do not remember any questions about other names or arrests or deportations. And as far as I can tell, nobody's ever ruled on fraud. Well, Your Honor, then – and that is somewhat what Petition was trying to argue as one of the judges brought up when it went back to the immigration judge after remand from this Court. He wanted an evidentiary hearing to prove this wasn't fraud. I will agree with you that was never very clearly discussed. Frankly, I think it was so patent that there was fraud that they didn't need to. They just said he didn't need to. Except that he – if what he said here was true, would there be fraud? I'm sorry? If what he said in his declaration was true, i.e., I answered all the questions truthfully, I do not remember any questions about other names or arrests or deportations. Doesn't the misrepresentation at least have to be knowing? Your Honor, even if there was not – even if there was no fraud, what are we left with here? Well, we wouldn't even be talking about the fraud waiver because we wouldn't need it. We'd be looking at the 212C. And he would perhaps be able to then, if there really was no fraud, this is all assumption, he'd be able to get past the accrual of his time. The – But he wouldn't have been lawfully admitted because of the deportation, right? Well, I mean, the requirements for – that's correct. That's correct. All right. But no one's held that. And then there's the question of whether you could get a nunk-prunk-chunk waiver of the deportation. He's trying to use the waiver. A waiver is a waiver of a ground of inadmissibility. And under this Court's precedent, that waiver is good for the fraud inadmissibility ground or any inadmissibility ground that is predicated upon fraud. In other words, that waiver would extend to any ground of inadmissibility that is predicated on fraud. What is – what has happened here is the ground of admissibility is you're an aggravated felon. He's conceded removal. The fraud waiver doesn't touch that. He's trying to take it one step back and make a fraud waiver actually enable him to meet elements of the 212c waiver. I mean, he's done that. Okay. He's – I was just going to say, what happened – why can't he get the nunk-prunk-chunk I-212 waiver for inadmissibility? Well, even if – even if he did get a nunk-prunk-chunk, then for now, waiver of the fraud, is that what you're saying? No, the inadmissibility. Of the deportation. Of the deportation. Okay. If he got that, then we'd be at the end of the case. Could he get that? I think you're not as quick. Could he get it? Could he get it despite the aggravated felony? No, because your Court – this case says he has to otherwise be admissible. He's not admissible because of an aggravated felony. So – but did the boy hold that? No. Those issues were not – I don't think they honed on the issue in that manner. In this case, he – the 212c waiver requires that he has entered as an LPR and that he has accrued the requisite presence here lawfully.  What he's attempted to do here, and what the immigration judge, we believe, erroneously allowed him to do initially, is take a waiver of a ground of inadmissibility and take that and say he's eligible for it when we – when the government said that he was not and so did the Board, and say because he has this waiver of fraud, he's now able to meet all the elements of a 212c waiver. There's no cases that say that. What the cases do say in this Court is that if you get a fraud waiver, it will waive – it will not waive the fact of the fraud and vitiate it for every purpose on the planet. It will simply waive it as an independent ground to remove you. But let me ask you something. Yes. I was just wondering about this. Most of the time, I mean, I said this before, I mean, what you're going to lie about when you're applying for anything is something that matters, right? I would think so. And something that matters is likely something that makes you inadmissible. If you get the fraud waiver, but you don't waive whatever it is that made you inadmissible, the fraud waiver is useless, is what you're saying. Well, it would be. You could write it off the books. You're correct. And I think this Court has said that in the – I'm sorry? Yeah. This Court has said that, that if the fraud waiver you get is only good for the fraudulent entry inadmissibility ground, if it's confined to that – So what good is the fraud waiver ever? Well, it is good. But you can't then use it to waive other grounds of inadmissibility that aren't predicated upon fraud. But since what you're lying about is another ground of inadmissibility 95 percent of the time, the fraud waiver is essentially useless. I don't believe that it is. I mean, the fraud waiver, for example – Why wouldn't it be? Let me give you – I can give you an example of – I mean, he lied about his deportation or he lied about his prior convictions or whatever he lied about. And then you say, well, we're not going to keep you out for lying, but we're going to keep you out because of the thing you lied about. No, we're keeping him out because he's an ag felon and he can't meet the grounds of 212c waiver. He simply can't. Even if he got his fraud waiver, it's a waiver of a ground of inadmissibility. For example, let's look at a marriage fraud situation. If somebody is ordered removed on marriage fraud and then also a contemporaneously lodged charge is that you, because of the fraud, did not renew your conditional status within the 2-year period because of the fraud, the fraud waiver would touch both of those grounds of inadmissibility. Otherwise, it would be useless. In other words, if you could get your fraud waiver for the marriage fraud in itself, you could also use that waiver to waive the second ground that the INS is charged for removal, that is, the lapsing of your conditional status because of the fraud. On the other hand, and I believe there's even a – the VEST – there's a couple cases in this Court that I think do go to that, although, again, I don't think the Court got into this. If the very ground of the inadmissibility and the fraud are the same, then any waiver will touch all those grounds. But here, that's not the case. What you have here is you have him being charged with removal as an ag felon, and the only way he's getting around that is 212c. Putting aside that, you know, the government even appealed the case. Kagan. Kagan. It's not my understanding that that's what – I see. So what you're saying is you can waive the fraud, but you can't waive the ag felony, but he has a second waiver, which is of the ag felony. Well, he's trying to get it, and in order to be eligible for that, he has to prove those three things. And what we're saying is he – I understand that he's sort of wishy-washy making an argument it wasn't fraud, although he never really vehemently argued that, and if you read the – when the case came back to the Board on remand from this Court and the Board put it to the IJ, there's from pages 83 all the way to, like, pages 83 to about page 118 of the administrative record, the immigration judge does nothing but have an extended, almost exclusive conversation with Petitioner's counsel, okay, this case is a mess, what do you want me to do with this, what should we do? That would have been the time for him to say, hey, there was no fraud, let's have a hearing, we don't think there was fraud. He didn't do that. Read through it. The immigration judge was basically begging him, what should I do with this mess? What do you want to do? And he made legal arguments and said – now, he did say we sorted – he basically asked the judge to just rule on the legal issues and set it up. He never asked for a hearing to say there's no fraud. So where – what happened then is the immigration judge did exactly what Petitioner's counsel wanted him to do, ruled on the legal issues. And he did disagree with the immigration judge's first decision. And there's no – the argument that that decision of the immigration judge initially when he granted that fraud waiver, that that's res judicata, that's just meritless. That decision wasn't final. It was clearly appealed by the Department of Homeland Security. And while the Board didn't decide it immediately, I wish it had. It would have saved a lot of procedural mess here. But the Board did ultimately address that. To the extent it was error to send it back to the immigration judge and let him revisit that issue, it was a legal issue, and the Board had de novo review over it anyway. And the Board, in fact, did review it de novo and agreed and would have found that in the first instance. So the argument – it's – it's, you know, our position in this appeal, there is fraud, a waiver would have been necessary. Any argument that there wasn't fraud, again, I think that that should have been what Petitioner asked the immigration judge to do when it went back on remand to get him another hearing. He didn't do that. Your argument would make a lot more sense if the traditional standard of civil review where we could affirm for any ground found in the record. But that's not the case with the – with the Board, is it? Well, you could certainly find that other – If we want to deny, which is the functional equivalent of affirm, then it has to be on a definable ground that the Board identified, right? And I think that the – you could do that. What would you point to? I would point to the fact that the – in the first instance, he – he is not eligible for 212C. He's removable as an ag felon. He's not eligible for 212C. Why? Because he didn't accumulate the requisite presence and he didn't have – he didn't have five years as a lapper. And why is that? Because he entered fraudulently. And even – And your argument is that some of that can be waived, but not all of it. Well, even if he could get a waiver for the fraud, that's just – that would be a waiver of any – of a ground of inadmissibility, which we didn't charge him. He was charged, but they – the government later conceded the charge for fraud. And the only question then is the other ground that he's removable on predicated upon the fraud. And it's not. It's predicated upon his aggravated felony. And even if he was to somehow – But that – I mean, and I don't know how quite to rephrase the Dr. Nash example before, but it does strike me that you're also trying to have it both ways, I mean, in the sense that you're saying that he isn't eligible for 212C relief because he's not eligible for a fraud waiver, and he's not eligible for a fraud waiver because he's not eligible for 212C relief. It seems to be – and the question is, why can't he get both? Well, because under – I think even this Court's precedent, I would refer it to Vasquez, 602 Fed 3rd, 1003. I know there's – there's board law, but is there a court law? I mean, it seems to me like crazy. Did Vasquez have a Ninth Circuit case? Yes. Yes. I would look at Vasquez, 602 Fed 3rd, 1003, Corona-Mendez. And the other case from this Court,which is 593 Fed 3rd, 1143. These are two really good cases that show you how these – fraud waiver works in the contents of other grounds of inadmissibility. And in fact, there – Well, you – obviously, it is true that if you have another ground of inadmissibility, it doesn't work. But that doesn't tell you if the other ground of inadmissibility is waivable. Well, the other ground of inadmissibility, the ag felon is waivable under 212C if you meet the requirements. Right, right, right. And he's not going to meet the requirements because of the fraud. And we don't believe – Yes, but that – so you're – is there any case, court case as opposed to board case that says that if you strung together two waivers, you would be eligible, that you can't do that? There is – in Sosa of the board, it kind of looked like that. That's the board. I want to know if it's a court case. I would, again, refer the Court to Corona-Mendez and to Vasquez. And I would – here, for example, in Vasquez, this Court said, Congress has made clear in its first series that fraud waiver applies to removal based on grounds of inadmissibility directly resulting from the fraud or misrepresentation. Here, I understand that they have to be – they have to be otherwise admissible. But the question is whether if the otherwise admissible is waivable separately, why can't you do both? Does Corona-Mendez address that? I just thought there was board – some board precedent that addressed these. Well, there's Sosa. There's Sosa. There is no – I – But there is one that's poorly said. You can take a fraud waiver and use it to bootstrap yourself in a 212C eligibility requirements and actually meet eligibility requirements for that separate waiver. There's – I mean, you can call it bootstrap, and that's a bad word. But the question is, if both waivers are available, why can't you get them both? But I don't think it's – well, first of all, they're not available. You can't – that's our position. Maybe this is – maybe our position is you can't use one waiver to meet eligibility requirements of another waiver. You can only use one waiver perhaps to waive another ground if that ground is also predicated on that same fraud you just got waived. Okay. You keep saying that, but I don't – it's not terribly logical. If there's – I think if you – I believe that the Court's precedent supports that in Vasquez. You can cite those two cases, Vasquez. Yeah, I believe so. And then there was Ramirez, but it's not published. That's 556 Fed Appendix 613. It doesn't count for much. Well, it's so good because it's very similar to this case. What? At the time, Ramirez – But I like it, Your Honor. I like it. But I like it. At the time Ramirez adjusted to legal permanent residence status, he failed to disclose his conviction for a lewd act upon a child, which he conceded was a CIMT. It's a little different because of the timing here. The failure to disclose that was the conviction had already occurred at the time our guy came in, the conviction hadn't occurred. So I believe that at every turn the Board got the legal question correct. The waiver does not – you don't even need to get there because he was not otherwise admissible, and then even if he was eligible for the waiver, it would not render him eligible for 212C. Okay. Thank you. Thank you, counsel. Thank you, Your Honor. I'm going to try and make two brief points. The first is with this reference to the aggravated felony being a ground of inadmissibility. That's really not relevant to this case because the aggravated felony conviction occurred in 1991, and the entry that is at dispute is in 1983. Secondly, the – in the Sosa-Hernandez – But doesn't it have to be otherwise admissible now? Well, at – you know, again, if we were to go back to reviewing the application in 1992 – But I see what you're saying. You're saying that in terms of judging his 1983 entry, the aggravated felony, as to whether he was lawfully admitted then, it's not relevant. That's right. That's right. And had he have – had he have entered – departed and reentered purely lawfully, still as a permanent resident, and they had have detected the aggravated felony at the border, he still would have been entitled to seek 212C relief. The other thing that I wanted to point out was there's no question that there can be a non-protonc waiver for the deportation. That's in matter of Sosa-Hernandez. The board cases that were cited – and I know of no Ninth Circuit case that addresses this – that talked about why you couldn't get both waivers, they all dealt with itself, a fraudulent marriage, a fraudulent work permit – work labor certification application. No one has suggested that the 1983 marriage visa was fraudulent. So I – we don't believe those cases apply, and that is why I believe the appropriate thing to do would be to remand it to the board to decide the appeal the government filed in 1992. They'd probably ask for briefing in view of the changes of law, and we'd be able to decide it that way. I realize this is a very complex case. Thank you very much for your attention. Roberts. Thank you, counsel. Appreciate your arguments. The matter is submitted.
judges: Hawkins, Paez, Berzon